# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Exael Cesar MIRANDA-PEREZ<br>a/k/a Cesar Miranda-Perez<br><br>*Defendant(s)* | Case No.<br>6:25-mj-1503 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **May 11, 2025** in the county of **Orange** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal Reentry |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Mark Annotti, Deporation Officer
*Printed name and title*

Sworn to before me over the telephone or reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: _____

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

City and state: Orlando, Florida

STATE OF FLORIDA                         CASE NO. 6:25-mj-1503

COUNTY OF ORANGE

## AFFIDAVIT IN SUPPORT OF THE
## ISSUANCE OF A CRIMINAL COMPLAINT

I, Mark Annotti, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deportation Officer (DO) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and have been employed with DHS/ICE/ERO for 22 years. I am currently appointed as the ERO Criminal Prosecutions (ECP) Officer assigned to Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. On or about May 11, 2025, the Apopka Police Department (APD) arrested **Exael Cesar MIRANDA-PEREZ**, a/k/a Cesar MIRANDA-PEREZ, a/k/a Exael PEREZ, and booked him into Orange County Jail (OCJ) based on state criminal charge of battery – touch or strike under case number 48-2025-MM-100142, Orange County, Florida. Following his arrest, the OCJ booking system automatically forwarded **MIRANDA-PEREZ's** information to the Alien Criminal Response Information Management System (ACRIMe) national database.

4. On May 12, 2025, Supervisory Detention and Deportation Officer (SDDO) Marshall Vliet identified **MIRANDA-PEREZ's** information in ACRIMe, verified his identity, and determined that he likely was in the United States illegally. SDDO Vliet filed an ICE immigration detainer on **MIRANDA-PEREZ** with OCJ. SDDO Vliet forwarded **MIRANDA-PEREZ's** case to me because it falls under the guidelines of my assigned duties as the ECP Officer.

5. On May 13, 2025, I contacted the Florida Department of Law Enforcement (FDLE), Biometric Service Section, and requested/received **MIRANDA-PEREZ's** fingerprints relating to the OCJ booking on May 11, 2025. On May 13, 2025, I submitted this set of fingerprints to the Federal Bureau of Investigation Criminal Justice Information Services Division (also referred to as IAFIS). IAFIS analyzed the set of fingerprints and found them to match **MIRANDA-PEREZ** and his unique FBI number.

6. A review of various databases and ICE records disclosed that **MIRANDA-PEREZ** has an Alien File Number (A xxx xxx 842). He was born in 2001, in San Marcos, Guatemala. He is a citizen of Guatemala and not a citizen of the United States. On October 28, 2022, **MIRANDA-PEREZ** was administratively ordered deported/removed from the United States to Guatemala. **MIRANDA-PEREZ** was physically removed from the United States to Guatemala on or about November 30, 2022.

7. **MIRANDA-PEREZ** has never applied to the Attorney General of the United States and/or the Secretary of the Department of Homeland Security for permission to apply for admission to or re-enter the United States after being removed/deported from the United States.

8. A criminal history check revealed that **MIRANDA-PEREZ** was convicted of aggravated battery upon a pregnant person, a felony violation of Florida law, on December 7, 2021; he was sentenced to 18 months imprisonment in the Florida Department of Corrections (inmate K21403) under case number 48-2021-CF-006383, Orange County, Florida.

9. Based on the foregoing, there is probable cause to believe that on or about May 11, 2025, **MIRANDA-PEREZ** was found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a) and (b)(1).

This concludes my affidavit.

_____
Mark Annotti
Deportation Officer
Immigration & Customs Enforcement

Affidavit submitted by email and attested to me as true and accurate by via videoconference consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) before me this __14th__ day of May, 2025

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

4